UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER PULLEY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3072 |
| | ) | |
| SPRINGFIELD POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and currently incarcerated in Sangamon County Jail, challenges the denial of his request under the Illinois Freedom of Information Act for information relevant to the criminal investigation of Plaintiff and the arrest of Plaintiff in February, 2013. Plaintiff alleges that the failure to disclose this information is a cover-up which has enabled Plaintiff's wrongful incarceration and has impeded his attorney's ability to effectively represent Plaintiff in Plaintiff's criminal proceedings.

Because Plaintiff filed this case while incarcerated, the Court must conduct merit review pursuant to 28 U.S.C. § 1915A. The

purpose of the merit review is to determine whether Plaintiff states any federal claims which can proceed in this action.

To the extent Plaintiff challenges the denial of his request under the Illinois Freedom of Information Act ("FOIA"), this Court is a federal court and therefore cannot rule on Plaintiff's state law FOIA request. <u>Chicago Tribune Co. v. Bd of Trustees of Univ. of Illinois</u>, 680 F.3d 1001, 1004 (7th Cir. 2012)(no federal jurisdiction over Chicago Tribune's request for information under the Illinois Freedom of Information Act). Plaintiff must pursue this challenge in state court.

To the extent Plaintiff is trying to challenge his incarceration, he must do so in his state criminal proceedings and then exhaust all state court remedies before filing a habeas corpus action in federal court. Similarly, if Plaintiff is challenging the refusal of the State of Illinois to produce necessary information in Plaintiff's criminal proceeding, then that challenge belongs in Plaintiff's criminal proceeding. The Court takes judicial notice that Plaintiff is scheduled to plead guilty on June 6, 2014. <u>State of Illinois v. Christopher Pulley</u>, 2013-CF-000204 (Sangamon County Circuit Court)(5/2/14 text order continuing plea hearing to 6/6/14).

In sum, the Court cannot discern any possible federal claim from Plaintiff's allegations. Accordingly, this case must be dismissed.

**IT IS ORDERED:**

1) This case is dismissed for the reasons set forth above. Any amendment to the Complaint would be futile because Plaintiff cannot challenge the FOIA denial in this Court and because Plaintiff cannot challenge his incarceration or his criminal proceedings in this action. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose

to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

    4)    Plaintiff's motion asking the status of his case is denied as moot (6).

ENTERED:  May 22, 2014

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
